UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-21558-Civ-MORENO/TORRES

AT&T MOBILITY LLC and AT&T
MOBILITY II LLC,

        Plaintiffs,

v.

PLATFORM ENTERPRISES; HASSAN Y.
ESSAYLI; JOHN DOES 1-50; XYZ
COMPANIES 1-50,

        Defendants.
_____/

## OMNIBUS ORDER

This matter is before the Court on the following pending motions following the reference of this case for all pretrial matters: (1) Plaintiffs' Motion for Expedited Discovery [D.E. 8]; and (2) Plaintiffs' Motion to Preserve Evidence [D.E. 9]. Via a personal letter to the Court, Mr. Essayli responded to the motion for expedited discovery by contesting the validity of service [D.E. 10], and Plaintiffs' replied [D.E. 13]. There was no response or reply to the motion to preserve evidence.

Although the Docket indicates that on June 18, 2008, counsel for Defendants filed a response to both of Plaintiffs' motions, that docket entry is not actually a response. Rather, it is an errantly uploaded copy of docket entry 13; we ultimately treat this as a non-response. Despite the fact that Defendants' failure to file a timely response constitutes sufficient grounds to grant Plaintiffs' Motions in full, we nevertheless analyze the merits of both motions.[1]

---

[1] This Court recently entered orders on nearly identical motions to expedite discovery and preserve evidence in two similar cases. *See AT&T Mobility LLC v. MirandaHoldings Corp.,* 2008 WL 2139519 (S.D. Fla. May 7, 2008) (Torres, J.) and *AT&T*

1.      Plaintiffs' requests to expedite discovery and to preserve evidence are premised on the contention that Defendants are engaged in a continuing business enterprise designed to infringe upon Plaintiffs' trademarks, namely, those associated with the AT&T GoPhone. According to the complaint, AT&T sells GoPhones at a low cost and recoups this subsidy through the sale of prepaid airtime.  AT&T offers its GoPhones at affordable prices because it intends for the phone to be used solely on the AT&T service network.  GoPhones are sold subject to terms and conditions that restrict the use of AT&T GoPhones to AT&T's service.

Allegedly, Defendants are purchasing and fraudulently reselling AT&T GoPhones in bulk quantities.  Plaintiffs maintain that Defendants take the GoPhones out of their original packaging, "unlock" the phones (making them operable on other wireless networks), remove the accessories and manuals, and repackage and resell the GoPhones overseas for a profit. Plaintiffs allege that this "illicit bulk resale scheme" undermines Plaintiffs' policies and agreements with retailers on the manner in which the phones are sold, infringes upon Plaintiffs' trademark and fair competition rights, and tortiously interferes with the Plaintiffs' contractual and business relationships with legitimate dealers and purchasers. The Complaint seeks in part damages, injunctive relief, and attorneys' fees arising from this allegedly unlawful business practice. [D.E. 1]

2.      Although Defendants do not respond directly to Plaintiffs' Motions to Expedite Discovery and to Preserve Evidence, they have moved to dismiss the Complaint on several grounds: lack of personal jurisdiction; improper venue; and failure to state a claim.  To be specific, Defendants claim that they do not purchase phones or other products directly from

---

*Mobility LLC v. Dynamic Cellular Corp.*, 2008 WL 2139518 (S.D. Fla. May 7, 2008) (Torres, J.).  Presumably, had Defendants filed a response to Plaintiffs' motions in this case, the arguments would be somewhat similar to those raised by the defendants in the *MirandaHoldings* and *Dynamic Cellular* cases.   We took those other arguments into consideration when adjudicating the instant motions.

AT&T, and that they have no contractual relationship with AT&T. Defendants further argue that they do not purchase phones that have been unlocked or from which the markings have been removed, and that they do not alter, change, unlock, or modify phones. In short, Defendants maintain that they buy and resell cellular phones that have been legally purchased. [D.E. 14].

3. Upon the filing of the complaint, Plaintiffs sought immediate relief in the form of the pending motions to expedite discovery and preserve evidence. Plaintiffs claim that Defendants may clear their inventory of offending products and dispose of incriminating evidence without such relief. Plaintiffs seek expedited discovery to modify the normal time limitations and requirements of Rules 26, 30 through 34, of the Federal Rules of Civil Procedure.

4. Upon review of the record, there is good cause shown in Plaintiffs' Motion to Preserve Evidence to ensure that ATT branded telephones are not entirely discarded during the pendency of this litigation. Rule 26(d) clearly grants a trial court discretion to modify the normal time limitations that apply under the discovery rules where good cause is shown. Rule 34 also allows grants a party access to designated tangible things relevant to an action, and subsection (b)(2) of the Rule allows a court to shorten or enlarge the time for doing so. Thus, the requested relief – a preservation of certain items of evidence at the inception of a case – is certainly within the discretion of the Court.

5. Additionally, the request to expedite discovery is well founded. Given the nature of the allegations, and especially the defense asserted (that Defendants do not alter, change, unlock, or modify the phones), there is good reason to expedite all discovery in this case to get the case in a dispositive posture sooner rather than later. If Defendants' business practices are violating contractual or statutory duties, an expedited process will afford the injured party prompt relief.

On the other hand, if Defendants' business model is indeed legitimate, Defendants should be able to proceed as soon as possible with their operations without interference from this litigation. Either way, Plaintiffs' arguments that discovery should proceed immediately on an expedited basis are persuasive. And clearly the Court has discretion under the discovery rules to modify the normal discovery procedures in this particular case for good cause shown. The Court finds that such good cause has indeed been established here.

6. The measures imposed here should limit any unfair prejudice against Defendants. If Defendants cannot fully comply with the discovery requests in question, they should comply with this Order to the maximum extent possible and seek appropriate relief from the Court to the limited extent that they cannot reasonably comply. Of course, before doing so, Defendants should confer with Plaintiffs, who in turn should cooperate as much as possible to resolve any differences without Court intervention.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

A. Plaintiffs' Motion for Expedited Discovery [D.E. 8] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The parties may immediately commence discovery procedures in this case, notwithstanding the absence of a joint scheduling report or scheduling order. The parties shall prepare a joint scheduling report, as per S.D. Fla. Local R. 16.1.B, and file such report within twenty (20) days from the date of this Order. The parties' scheduling report should be consistent with an "expedited" case management track.

(2) The parties may immediately propound written production, inspection, and/or admissions requests, pursuant to Rules 34 - 36. Absent agreement otherwise, the parties' shall respond to each other's discovery requests (together with production of any unobjectionable responsive documents) within twenty days of service.

(3)     The parties may serve notices of deposition to any party witness, following coordination with opposing counsel, in accordance with S.D. Fla. Local R. 26.1.J. The timing requirements set forth in that Local Rule continue to apply.  A timely notice of deposition, absent a showing of *extraordinary* cause and the timely filing of a motion for protective order, will be enforced by the Court under Rule 37.

(4)     This Order expediting discovery does not apply to requests for interrogatories served under Rule 33, which shall continue to be governed by the normal procedures of that Rule.

B.      Plaintiffs' Motion to Preserve Evidence [D.E. 9] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)     Defendants shall preserve all physical evidence relating to this action, including without limitation, all AT&T GoPhone wireless telephones, packaging and materials currently in Defendants' possession and control.  This Order, at a minimum, requires Defendants to identify and locate all such telephones in their possession and segregate two (2) such telephones for any type of AT&T GoPhone in its possession, one of which shall be in an unaltered and undisturbed condition (i.e. in the exact form as it was received by Defendant from any source), and one of which shall be in the final pre-shipping condition (i.e. in the exact form as it would be shipped or sold to Defendants' customers).  Having complied with this aspect of the Order, Defendants may for now continue to market such AT&T GoPhones in the ordinary course, but subject to the additional requirement that *each and every* such telephone be photographed in digital, color format upon Defendants' receipt in the unaltered condition, and upon Defendants' shipment of the product in the altered condition.  Such digital pictures shall be periodically copied and delivered to Plaintiffs, without further Order necessary, every thirty days.  Complete inventory records, evidencing at a minimum receipt and redistribution,

of all such products shall be immediately maintained and produced to Plaintiffs, together with the photographs, every thirty days.

(2)     Defendants shall have ten days from the date of this Order to provide Plaintiffs with an inventory of all AT&T GoPhone wireless telephones, packaging and materials in Defendants' possession or control, and the location where such are items are located. *No AT&T GoPhone wireless telephone shall be distributed, shipped or forwarded to any third person until such inventory has been provided.*

(3)     Defendants shall preserve all other evidence relating to their bulk purchase, sale, distribution or alteration of AT&T GoPhone wireless telephones, including all information, items and documents responsive to Plaintiffs' First Request for Production, along with copies of any software or hardware used to modify or alter GoPhone wireless telephones, all records of transactions related to such telephones, and all communications with third parties related to the purchase, sale or alteration of such products and/or the security measures contained within the GoPhones.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 15th day of August, 2008.

/s/   Edwin G. Torres
EDWIN G. TORRES
United States Magistrate Judge